# EXHIBIT
## "8"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ORAL SURGEONS, P.C.,

                    Plaintiff,             No. 4-20-CV-222-CRW-SBJ

vs.                                  ORDER

THE CINCINNATI INSURANCE
COMPANY,

                    Defendant.

Background. In this lawsuit, removed from the Iowa District Court for Polk
County, plaintiff Oral Surgeons, P.C. (OSPC) asserts the defendant Cincinnati Insurance
Company (Cincinnati) issued OSPC insurance policy ECP 036 57 36 for the policy period
January 1, 2019 to January 1, 2022. OSPC contends that in April 2020 it filed a claim with
Cincinnati under the policy's business interruption/loss of income clause. OSPC asserts it
suffered a loss of use of its property when, in an effort to slow the spread of the novel
coronavirus COVID-19, the State of Iowa issued a proclamation and subsequent mandates that
restricted OSPC from performing non-emergency dental procedures from approximately March
26, 2020 to May 8, 2020. OSPC asserts that Cincinnati subsequently denied coverage. OSPC's
petition, now deemed a complaint in this Court, asserts claims for 1) declaratory relief that the
policy provides coverage for OSPC's claim, 2) breach of the insurance contract, and 3) bad faith
denial of the claim.

Motion to dismiss. On September 15, 2020, the Court held a hearing by
telephone conference call on Cincinnati's resisted motion to dismiss (Docket # 3). The Court
does not convert this motion to dismiss into a motion for summary judgment, considering that

1

the policy identified in the complaint is integral to and embraced by OSPC's claims. See Hughes v. City of Cedar Rapids, 840 F. 3d 987, 998 (8th Cir. 2016).

Cincinnati contends OSPC has failed to state a claim for which relief can be granted, arguing that the policy at issue insures only against physical loss to property, not the purely economic loss OSPC suffered.

Analysis. The policy language states:

We will pay for the actual loss of "Business Income" . . . you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct "loss" to property at a "premises" caused by or resulting from any Covered Cause of Loss.

Policy, p. 18. The term "loss" is defined to mean "accidental physical loss or accidental physical damage." Policy, p. 38. OSPC does not allege any such "physical" or "accidental" loss, but instead contends its loss was caused by the COVID-19 coronavirus and the government actions to suspend temporarily non-emergency dental procedures. Recent cases cited by Cincinnati have held that virus-related closures of business do not amount to direct loss to property covered by the Cincinnati policy of insurance. The few contrary cases cited by OSPC are distinguishable on their facts and not as well analyzed as the many authorities cited by Cincinnati.

The Court grants the Cincinnati motion to dismiss; this case is dismissed with prejudice at plaintiff's cost.

IT IS SO ORDERED.

Dated this 29th day of September, 2020.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

2